U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 17 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL V. APPLEBERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-235-A |
| | § | |
| FORT WORTH INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Now before the court for consideration are the following motions filed in the above-captioned action: (1) motion for partial dismissal of plaintiff's first amended complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendant Fort Worth Independent School District ("FWISD"); (2) motion to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendant Sheila Turner ("Turner"); (3) motion to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendant Annie Anderson ("Anderson"); (4) motion to strike portions of plaintiff's "Response to Defendant's

Motions to Partially Dismiss Plaintiff's First Amended Complaint for Immunity or to Dismiss Any or All Named Defendants," filed by all defendants; and (5) request for leave to amend, filed by plaintiff, Michael V. Appleberry. Plaintiff and defendants filed responses and replies to the opposing party's motions. Having now considered all of the parties' filings pertaining to each motion, plaintiff's first amended original complaint, and the applicable legal authorities, the court concludes that the motions to dismiss filed by FWISD, Turner, and Anderson, and the motion to strike filed by all defendants, should be granted to the extent set forth herein, and that plaintiff's motion to amend should be denied.

I.

Background

Plaintiff, appearing pro se, initiated this action by the filing of his original complaint naming FWISD as the sole defendant. On May 23, 2012, the court ordered plaintiff to file an amended complaint, which plaintiff filed on June 13, 2012, adding Turner and Anderson as defendants. Plaintiff's claims as described in the first amended complaint arise from events occurring during plaintiff's employment with FWISD and the

eventual termination of his employment. Plaintiff in the first amended complaint alleged claims against all defendants pursuant to the Americans with Disabilities Act ("ADA"), as well as state law claims for intentional infliction of emotional distress and defamation.

II.

The Motions to Dismiss

A.   Legal Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as

3

true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Id.</u> To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> at 678 (citing <u>Twombly</u>, 550 U.S. at 557).

B. <u>FWISD Motion for Partial Dismissal</u>

FWISD contends that the court lacks subject matter jurisdiction over any acts forming the basis of plaintiff's claims that occurred more than 300 days prior to the date plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). FWISD further argues that the court should dismiss all state law claims against Turner and Anderson pursuant to section 101.106(e) of the Texas Civil Practice & Remedies Code, and that plaintiff's state law claims

4

and claims for punitive damages against FWISD should be dismissed on the basis of governmental immunity.

1. <u>ADA Claims</u>

FWISD argues that some of plaintiff's claims should be dismissed for lack of subject matter jurisdiction; specifically, that any acts alleged to have occurred more than 300 days prior to the date plaintiff filed his charge of discrimination with the EEOC are barred for failure of plaintiff to exhaust his administrative remedies.

An ADA plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory act. 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(e)); <u>Ramirez v. City of San Antonio</u>, 312 F.3d 178, 181 (5th Cir. 2002). Plaintiff in his first amended complaint alleged that on July 18, 2011, he visited the Dallas office of the EEOC, and that "[s]ix hours later Plaintiff had successfully formalized and recorded his complaint with the EEOC." First Am. Compl. at 4. Three hundred days prior to July 18, 2011, was September 21, 2010. FWISD claims that based on plaintiff's own admission, the court lacks jurisdiction over all claims arising out of conduct that occurred prior to September 21, 2010.

5

In his response to FWISD's motion plaintiff contends that EEOC records reflect receipt of his charge of discrimination on June 17, 2011. Defendant counters that EEOC records actually show the date of receipt as July 18, 2011. The EEOC records are not before the court for consideration, so the court is without benefit of whatever date may be contained therein. Additionally, equitable tolling may apply to the 300 day limitations period, although the doctrine is "to be applied sparingly." Ramirez, 312 F.3d at 183 (internal citation omitted). The sum of all of these considerations is that it appears premature, at this stage of the litigation, to rule on FWISD's motion to dismiss claims based on limitations. FWISD can raise the issue, if applicable, in a motion for summary judgment, where it can provide whatever evidence it has in support of its limitations defense.

2. Dismissal of State Law Claims
   Against Turner and Anderson

FWISD also moves for dismissal of plaintiff's state law claims against Turner and Anderson pursuant to section 101.106(e) of the Texas Civil Practice & Remedies Code, which provides:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). FWISD argues that because plaintiff has alleged state law claims against FWISD, Turner, and Anderson, § 101.106(e) requires dismissal of those claims as to Turner and Anderson.

In construing section 101.106, the Texas Supreme Court concluded that the purpose of revisions to that section

> was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable . . . .

<u>Mission Consol. Indep. Sch. Dist. v. Garcia</u>, 253 S.W.3d 653, 657 (Tex. 2008) (internal citations and footnote omitted). The statute's purpose is clear: it is an election-of-remedies provision under which the plaintiff may sue the governmental entity or its employees for alleged conduct, but not both. <u>Id.</u> at 656.

In the instant action plaintiff has alleged claims of intentional infliction of emotional distress and defamation against FWISD and its employees, Turner and Anderson, arising from his employment with FWISD and the termination of that employment. Pursuant to section 101.106(e), the court is granting FWISD's motion and dismissing plaintiff's state law

7


claims against Turner and Anderson.

    3.    <u>Dismissal of State Law Claims Against FWISD</u>

FWISD, as a governmental entity, is immune from liability unless there is a clear and unambiguous waiver of such immunity. <u>LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.</u>, 835 S.W.2d 49, 51 (Tex. 1992). Under the Texas Tort Claims Act, a governmental unit is liable for:

    (1)    property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

        (A)    the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

        (B)    the employee would be personally liable to the claimant according to Texas law; and

    (2)    personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code § 101.021. The liability of school districts, however, is further limited:

> Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district.

<u>Id.</u> at § 101.051. Plaintiff's claims in no way arise from the operation or use of a motor vehicle as would bring them within the exception of section 101.051. Instead, plaintiff has alleged

8

intentional tort claims of intentional infliction of emotional distress and defamation against FWISD. By its express terms the Tort Claims Act does not waive governmental immunity as to intentional torts. Id. at § 101.057. Because the Tort Claims Act does not waive FWISD's governmental immunity, plaintiff's tort claims against it must be dismissed.

   4.   Dismissal of Punitive Damages Claim Against FWISD

Plaintiff seeks recovery of punitive damages against FWISD. Punitive damages, however, are unavailable in an ADA action where the defendant is a "government, government agency or political subdivision." 42 U.S.C. § 1981a (b)(1). See also Liner v. Hosp. Serv. Dist. No. 1 of Jefferson Parish, 230 F. App'x 361, 365 (5th Cir. 2007); Brown v. Unified Sch. Dist. No. 500, 338 F. Supp.2d 1229, 1231 (D. Kan. 2004) (punitive damages for ADA claim not recoverable against school district as a political subdivision). FWISD is a political subdivision of the State of Texas. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (observing that governmental immunity protects from liability "political subdivisions" of the state, including school districts). Plaintiff's claim for punitive damages against FWISD is therefore barred and must be dismissed.

9

C.   Turner's and Anderson's Motions to Dismiss[1]

Turner and Anderson argue for dismissal of plaintiff's claims against them under the ADA pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on the basis of qualified immunity, and also argue that plaintiff's state law claims should be dismissed pursuant to sections 101.106(e) and 101.106(f) of the Texas Civil Practice & Remedies Code.

1.   Dismissal of Claims Under the ADA

Turner and Anderson each contend that they are entitled to dismissal of plaintiff's ADA claims against them because the statute does not impose individual supervisor liability. The court agrees.

The ADA bars discrimination by any "employer" against an individual with a disability with respect to that individual's terms, conditions, or privileges of employment. 42 U.S.C. § 12112(a). Under the ADA an "employer" is "a person engaged in an industry affecting commerce who has 15 or more employees ..., and any agent of such person...." Id. at § 12111(5)(A). The ADA definition of "employer" mirrors the definition of "employer" in Title VII of the Civil Rights Act of 1964. Williams v. Banning, 72 F.3d 552, 553-54 (7th Cir. 1995); Jenkins v. Bd. of Educ. of

---

[1] Although Turner and Anderson filed separate motions and briefs, the motions raise identical grounds for relief. The court will analyze the motions under a single heading.

Houston Indep. Sch. Dist., 937 F. Supp. 608, 612 (S.D. Tex. 1996). See 42 U.S.C. § 2000e(b) (defining "employer" under Title VII). The term "person" likewise has the same meaning under the ADA as in Title VII. 42 U.S.C. § 12111 (7); Thompson v. City of Arlington, Tx., 838 F. Supp. 1137, 1151 (N.D. Tex. 1993). The ADA also expressly provides that it is to be enforced in the same manner as Title VII. 42 U.S.C. § 12117. Courts thus interpret provisions of the ADA consistent with the provisions of Title VII. Flowers v. S. Reg'l Physicians Servs., Inc., 247 F.3d 229, 233-34 (5th Cir. 2001).

Title VII imposes liability on any employer that violates its provisions. Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir. 1990). An "employer" under Title VII, as under the ADA, is "a person engaged in an industry affecting commerce ... and any agent of such a person." 42 U.S.C.2000e(b). The Fifth Circuit, however, "does not interpret the statute as imposing individual liability for [a Title VII] claim." Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999). Supervisors and other employees thus cannot be liable under Title VII for acts performed in their individual capacities. Id.; Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998) ("[O]ur cases make plain that the term 'employer' does not include a hiring or supervisory official in his personal or individual capacity.").

Consequently, any recovery under Title VII for a supervisor's actions must be against the supervisor in his official, rather than individual, capacity. Huckabay, 142 F.3d at 241; Harvey, 913 F.2d at 227-28. However, an official-capacity suit is redundant of any suit against the employer, and the plaintiff may not maintain a Title VII action against both the employer and supervisor. Indest, 164 F.3d at 262; see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.")

As discussed, courts interpret the ADA consistent with the provisions of Title VII. Given the similarities between the ADA's definition of "employer" and that in Title VII, courts that have considered the issue have concluded that, as under Title VII, the ADA does not impose liability against supervisors in their individual capacities. See, e.g., Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1037-1038 (9th Cir. 2006); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Jenkins, 937 F. Supp. at 613; Thompson, 838 F. Supp. at 1151. The court is persuaded that the same result is warranted here. Plaintiff's ADA claims against Turner and Anderson, whether in their individual or official capacities, are dismissed.

### 2. Dismissal of State Law Claims Against Turner and Anderson

Turner and Anderson each move for dismissal of plaintiff's state law claims against them based on section 101.106(e) and section 101.106(f) of the Texas Civil Practice & Remedies Code. Because the court has already granted the motion of FWISD to dismiss state law claims against Turner and Anderson based on section 101.106(e), it need not consider the arguments for dismissal of those claims by Turner and Anderson.

### D. Defendants' Motion to Strike

Plaintiff on July 27, 2012, filed a response to the motions to dismiss filed by Turner and Anderson. In the response plaintiff maintained that he is alleging claims under 42 U.S.C. § 1983, in addition to his claims under the ADA. One basis of defendants' motion to strike is that plaintiff has impermissibly attempted to amend his complaint to add the claim pursuant to § 1983 by including it in his response.[2]

The court has reviewed plaintiff's initial complaint and the first amended complaint, and finds no mention of any claims pursuant to § 1983 in either document. Plaintiff cannot amend his complaint by adding additional claims and causes of action in

---

[2]The remaining issues raised in the motion to strike have been addressed by the court in this memorandum opinion and order and need not be revisited in the context of ruling on the motion to strike.

13

response to a motion to dismiss. If plaintiff wishes to amend his complaint to add additional causes of action he must seek leave of court by filing a proper motion for that purpose.

E. <u>Motion to Amend</u>

Plaintiff has also filed a motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule LR 15.1(a) of the Local Civil Rules of the United States District Court for the Northern District of Texas. Each of these rules pertains to filing amended pleadings. From the text of the motion to amend, as well as the proposed amended document attached thereto, it is evident that plaintiff is seeking leave to amend his response to one or more of the motions to dismiss filed by defendants. Nothing in the proposed amended response would cause the court to change its rulings on any of the issues discussed herein. Accordingly, the motion to amend is denied.

III.

<u>Order</u>

Therefore,

The court ORDERS that: (1) FWISD's motion for partial dismissal of plaintiff's first amended complaint be, and is hereby, denied as to dismissal of plaintiff's ADA claims pursuant to FWISD's limitations defense, and granted in all other respects; (2) Turner's motion to dismiss be, and is hereby,

granted; (3) Anderson's motion to dismiss be, and is hereby, granted; (4) defendants' motion to strike be, and is hereby, granted to the extent set forth herein; and (4) plaintiff's request for leave to amend be, and is hereby, denied.

The court further ORDERS that all claims and causes of action brought by plaintiff against defendants Turner and Anderson be, and are hereby, dismissed with prejudice.

The court further ORDERS that plaintiff's state law claims and claim for punitive damages against FWISD be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

The court further ORDERS that the caption of this action be changed by the removal of "Annie Anderson, Employee Relations Officer IV" and "Sheila Turner, Principal," from the title, so that from this point forward, the title shall read, "Michael V. Appleberry, Plaintiff, v. Fort Worth Independent School District, Defendant."

SIGNED October 17, 2012.

_____
JOHN McBRYDE
United States District Judge